The proposed amendment to GCR 1963, 701 would create a comparable half-time requirement in appeals of parental rights cases from the probate court to the circuit court.

The proposal regarding PCR 801 is related to MCL 600.863(3); MSA 27A.863(3), which permits a party aggrieved by a probate court order to apply for leave to appeal directly to the Court of Appeals "upon certification of the issue or issues by the probate judge." The proposed amendment would prescribe the content of the certification by the probate judge (in language similar to GCR 1963, 806.3[1][a][ii], which relates to interlocutory appeals to the Court of Appeals), and would create a presumption that a party appealing from an order involving termination of parental rights is entitled to such a certificate.

Proposed new JCR 14 is intended to avoid the necessity for an appellate court to remand to the probate court for more detailed findings, a process that frequently leads to additional delays in the appeals of these matters.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

JULY 8, 1981

IN THE MATTER OF HOTCHKISS. (Docket No. 67046.) The decision and recommendation for order of discipline by the Michigan Judicial Tenure Commission, together with the stipulation and consent thereto by the respondent, are considered. The recommendation of the Michigan Judicial Tenure Commission is accepted. It is ordered that the respondent be suspended from office for a period of 60 days without pay and without accrual of benefits, commencing on the date of certification of this order. It is further ordered that the respondent present himself in the courtroom of this Court at 10:00 a.m., on August 18, 1981 for imposition of public reprimand. The Honorable DONALD E. HOLBROOK is discharged from further duty, with the gratitude of this Court. *Joseph F. Regnier,* Executive Director and General Counsel, for the Judicial Tenure Commission. *Hubbard, Fox, Thomas, White & Bengtson, P.C.,* for respondent.

JULY 20, 1981

PROPOSED ADOPTION OF DCR 791. On order of the Court, this is to advise that the Court is considering whether to adopt new DCR 791. Before determining whether it should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows: